IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CAROLYN W.,[1] | : | Case No. 3:20-cv-00423 |
| Plaintiff, | : | |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | (by full consent of the parties) |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : : : | |
| Defendant. | : | |

**DECISION AND ORDER**

**I.      INTRODUCTION**

Plaintiff filed an application for Disability Insurance Benefits in November 2017. Plaintiff's claim was denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

Statement of Errors (Doc. 12), the Commissioner's Memorandum in Opposition (Doc. 16), Plaintiff's Reply (Doc. 17), and the administrative record (Doc. 10).

## II. BACKGROUND

Plaintiff asserts that she has been under a disability since December 31, 2013. She met the insured status requirements through December 31, 2018 (the "date last insured"). Plaintiff was thirty-nine years old on the alleged disability onset date, and she was forty-four years old on the date last insured. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. § 404.1563(c). Plaintiff has a "high school education and above." *See* 20 C.F.R. § 404.1564(b)(4).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 10-2, PageID 168-183), Plaintiff's Statement of Errors (Doc. 12), the Commissioner's Memorandum in Opposition (Doc. 16), and Plaintiff's Reply (Doc. 17). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III. STANDARD OF REVIEW

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651

3

(6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

IV. **FACTS**

    A. **The ALJ's Findings of Fact**

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. The ALJ made the following findings of fact:

| | | |
|---|---|---|
| Step 1: | | Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of December 31, 2013, through her date last insured of December 31, 2018. |
| Step 2: | | Through the date last insured, she had the severe impairments of lymphedema and cellulitis. |
| Step 3: | | She did not have an impairment or combination of impairments that met or equaled the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | | Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consisted of light work as defined in 20 CFR § 404.1567(b), subject to the following limitations: "[Plaintiff] can sit for 6 hours out of an 8-hour workday and can stand and/or walk for 4 hours out of an 8-hour workday but is limited to sitting or standing to 1 hour at a time and then must be able to change position for 3-4 minutes. She can never climb ladders, |

        ropes, or scaffolds; occasionally crawl; and frequently climb ramps and stairs, balance, crouch, kneel, and stoop. With the bilateral lower extremities, she can occasionally push and/or pull or operate foot controls. She must be able to elevate the lower extremities 6" occasionally throughout the workday. She can have occasional exposure to extreme heat, humidity, and wetness. She cannot work around unprotected heights or unprotected moving mechanical machinery. She cannot perform any commercial driving."

        Through the date last insured, she was capable of performing past relevant work as a gas station clerk (as actually performed) and assistant manager (as generally and actually performed).

Step 5:    Through the date last insured, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that she could have performed.

(Doc. 10-2, PageID 170-182.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 182-83.)

    **B.**    **Robert Kurzhals, Ph.D.**

Dr. Kurzhals performed a consultative psychological evaluation in February 2018. (Doc. 10-7, PageID 664-68.) Dr. Kurzhals referred to suggested diagnoses of a major depressive disorder, recurrent and moderate, as well as an unspecified anxiety disorder. (*Id.* at PageID 667.) According to Dr. Kurzhals, Plaintiff was mildly impaired in the ability to understand, carry out, and remember simple instructions and was moderately impaired in the ability to do the same for complex instructions. (*Id.* at PageID 668.) Dr. Kurzhals found moderate impairment in Plaintiff's ability to sustain concentration and persist in work-related activity at a reasonable pace, as well as in her ability to maintain effective social interaction on a consistent and independent basis. (*Id.*) Dr. Kurzhals

opined that Plaintiff's ability to deal with normal pressures in a competitive work setting was moderately to markedly impaired. (*Id.*)

The ALJ concluded that Dr. Kurzhals' opinions were unpersuasive in a single paragraph that evaluated both Dr. Kurzhals' opinions and the findings of the State agency psychological consultant:

> The undersigned finds that the opinion of Dr. Kurzhals and Dr. Waggoneer to be [sic] unpersuasive as the evidence regarding the claimant's combined mental impairments reflect that the claimant's symptoms improved with medication management when she was actively receiving treatment. Additionally, during the hearing she reported that she had no issues with interacting with others.

(Doc. 10-2, PageID 180.)

V.     **ANALYSIS**

Plaintiff asserts that the ALJ reversibly erred by: 1) "fail[ing] to properly evaluate the opinion evidence of consultative examiner, Robert Kurzhals, Ph.D."; and 2) "construct[ing] leg elevation limitations out of thin air." (Doc. 12, PageID 713.) Finding error in the ALJ's analysis of Dr. Kurzhals' opinion, the Court does not address the other issue and, instead, instructs the ALJ to address both issues on remand.

    A.     **Applicable Law**

Social Security regulations require ALJs to adhere to certain standards when evaluating medical opinions. ALJs must analyze the persuasiveness of "**all** of the medical opinions" in the record. 20 C.F.R. § 404.1520c (emphasis added). A "medical opinion" is a "statement from a medical source about what [an individual] can still do despite [her] impairment(s)" and whether the individual has one or more impairment-related

6

limitations or restrictions. 20 C.F.R. § 404.1513(a)(2). By contrast, a statement from a medical source about an issue reserved to the Commissioner—such as whether an individual is disabled—need not be addressed by the ALJ. 20 C.F.R. § 404.1520b(c)(3).

Because Plaintiff filed her claim in November 2017, the new regulations for evaluating medical opinion evidence applied. Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) . . . ." 20 C.F.R. § 404.1520c(a). Instead, the ALJ must evaluate the persuasiveness of each medical opinion and prior administrative medical finding by considering the following factors: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) any other factor "that tend[s] to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(c).

Significantly, because the first two factors–supportability and consistency–are the "most important" ones, the ALJ "*will* explain" how he or she considered them. 20 C.F.R. § 404.1520c(b)(2) (emphasis added).[2] As to the first factor (supportability), "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). As to the second factor (consistency), "[t]he more consistent a medical opinion(s) . . . is with the evidence from

---

[2] By contrast, the ALJ "may, but [is] not required to," explain the consideration given to the remaining factors. 20 C.F.R. § 404.1520c(b)(2).

other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2).

### B. Harmless Error

Courts generally will excuse an ALJ's procedural violation as harmless error unless it prejudices the claimant on the merits or deprives him of substantial rights. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2007) (citing *Connor v. U.S. Civil Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983)). A court's ability to excuse a procedural error depends, however, upon the nature of the regulation and the importance of its procedural safeguard. *Id*. For example, an ALJ's failure to comply with the treating physician rule will rarely be excused. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004). Such an error may only be excused as harmless if the medical opinion "is so patently deficient that the Commissioner could not possibly credit it," if the violation is irrelevant because the Commissioner "adopts the opinion … or makes findings consistent with [it]," or if the goal of the procedural safeguard is otherwise met. *Id*. at 547.

The Sixth Circuit has not addressed the circumstances under which an ALJ's failure to explain his consideration of the supportability and consistency factors, as required by 20 C.F.R. § 404.1520c(b)(2), can be excused as harmless error. However, several district courts in the Sixth Circuit have held that the harmless error test articulated in *Wilson*, which applies to violations of the treating physician rule, should also apply to violations of Section 404.1520c(b)(2). *See Musolff v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 88910, *39 (N.D. Ohio Apr. 27, 2022) (citing cases). This Court agrees that

8

the harmless error test articulated in *Wilson* should apply to violations of 20 C.F.R. § 404.1520c(b)(2).

The mandatory articulation requirement in Section 404.1520c(b)(2) is similar to the "good reasons" requirement of the treating physician rule. Under that rule, an ALJ who declines to give controlling weight to the opinion of a treating physician must articulate "specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record." SSR 96-2p, 1996 WL 374188, *5 (1996). The ALJ's stated reasons "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id*. The purposes of the good reasons requirement are twofold: to permit meaningful judicial review of the ALJ's application of the treating physician rule, and to ensure that claimants understand why the ALJ disagreed with the opinion of their own physician, who considered them disabled. *Wilson*, 378 F.3d at 544-45.

The regulation at issue here is part of the regulatory framework that replaced the treating physician rule and its concomitant good reasons requirement. Under the new framework, ALJs do not give controlling weight to a treating physician's opinion. Instead, ALJs must evaluate the persuasiveness of each medical opinion by using a five-factor test. 20 C.F.R. § 404.1520c(c). ALJs are not required to explain their consideration of all five factors. 20 C.F.R. §§ 404.1520c(b)(2). They are, however, required to explain their evaluation of the supportability and consistency factors. *Id*. The regulation therefore imposes a burden of explanation, or mandatory articulation, upon ALJs.

9

The mandatory articulation requirement in Section 404.1520c(b)(2) serves the same purposes as the good reasons requirement of the treating physician rule. By requiring ALJs to articulate their analysis of the most important factors to consider when determining the persuasiveness of medical opinions (i.e., supportability and consistency), the requirement permits meaningful judicial review. It also ensures that claimants will receive an explanation of why the ALJ found each medical opinion, including those of their treating physician, to be persuasive, partially persuasive, or not persuasive.

In sum, the function and purposes of the mandatory articulation rule in Section 404.1520c(b)(2) are similar to those of the good reasons requirement at issue in *Wilson*. Therefore, the *Wilson* harmless error test should also apply to procedural violations of Section 404.1520c(b)(2).

This conclusion is consistent with Sixth Circuit's analysis in *Rabbers*. In that case, the Sixth Circuit reasoned that the *Wilson* test should not extend to a regulation that is a mere "adjudicatory tool" designed to aid the SSA. *Rabbers*, 582 F.3d at 656. Here, the mandatory articulation requirement is not an adjudicatory tool. Instead, it imposes a burden of explanation that serves an "independent and important function" by enabling judicial review and allowing claimants to understand the reasons for the decision. *Id*. The Commissioner's use of mandatory language (the ALJ "***will*** explain") confirms the importance of this procedural safeguard. 20 C.F.R. § 404.1520c(b)(2) (emphasis added).

The relative ease or difficulty of conducting a harmless error analysis is also a relevant factor to consider. *Rabbers*, 582 F.3d at 657. An ALJ's failure to comply with Section 404.1520c(b)(2) will make it difficult for a court to determine whether the error

10

is harmless. *See, e.g., Terhune v. Kijakazi*, Case No. 3:21-cv-37, 2022 U.S. Dist. LEXIS 130309, *14-15 (E.D. Ky. July 22, 2022). This difficulty provides another reason for concluding that the *Wilson* test should apply to violations of Section 404.1520c(b)(2).

For these reasons, this Court concludes that the *Wilson* harmless error test applies to violations of 20 C.F.R. § 404.1520c(b)(2). Accordingly, an ALJ's failure to explain his consideration of the supportability and consistency factors when determining the persuasiveness of a medical opinion can only be excused as harmless error if: (1) the medical opinion is patently deficient, (2) the ALJ adopted the medical opinion or made findings consistent with the opinion, or (3) the goal of the regulation was otherwise met. *Wilson*, 378 F.3d at 547. Such an error cannot be excused as harmless for other reasons, including where substantial evidence in the record may support the ALJ's conclusion regarding the persuasiveness (or lack thereof) of the medical opinion. *Id*. at 546.

### C. The ALJ Reversibly Erred When Analyzing Dr. Kurzhals' Opinions

The Court concludes that the ALJ erred in her analysis of Dr. Kurzhals' opinions and that these errors cannot be excused as harmless. Therefore, the Court reverses and remands the ALJ's decision.

The ALJ explained that Dr. Kurzhals' opinions were not persuasive because Plaintiff's symptoms improved with treatment and she testified that she could interact with others. (Doc. 10-2, PageID 180.) The ALJ did not evaluate whether Dr. Kurzhals' findings or explanations supported his opinions. (*Id.*) Thus, the ALJ did not explain her consideration of the supportability factor, as required by 20 C.F.R. § 404.1520c(b)(2).

There was evidence in the record that supported Dr. Kurhals' opinions. For example, Dr. Kurzhals reported that Plaintiff complained of daily depression and anxiety, as well as "low" energy, social withdrawal, and panic attacks that occur several times per week. (Doc. 10-7, PageID 666.) Dr. Kurzhals reported that Plaintiff appeared depressed—as evidenced by "depressive verbalizations and a depressed affect"—and anxious, as evidenced by her "overall demeanor." (*Id.*) Although Dr. Kurzhals noted cooperative behavior, he also reported that Plaintiff related in a "somewhat distant and anxious manner." (*Id.*) Dr. Kurzhals documented mildly impaired attention and concentration, and he estimated low average to average intellectual functioning. (*Id.*) Also, although Plaintiff recalled three out of three items with and without interference, she was unable to recall any items after a five-minute delay. (*Id.* at PageID 667.)

The ALJ did not acknowledge, much less evaluate, any of this supporting evidence when she concluded that Dr. Kurzhals' opinions were not persuasive. The ALJ's failure to explain her analysis of the supportability of Dr. Kurzhals' opinions, as mandated by 20 C.F.R. § 404.1520c(b)(2), requires reversal.

Defendant contends that the ALJ "reasonably found" Dr. Kurzhals' opinion to be not persuasive, because "[t]he evidence … reflected that Plaintiff's symptoms improved with medication management when she was actively receiving treatment." (Doc. 16, PageID 744.) Defendant also argues that Plaintiff's reported daily activities support the ALJ's RFC. (*Id.* at PageID 745.) These *post hoc* rationalizations, based upon allegedly substantial evidence, cannot excuse the ALJ's error. *Wilson*, 378 F.3d at 546.

12

Next, the Court considers whether the ALJ's error can be excused as harmless. The Court finds that Dr. Kurzhals' opinions were not patently deficient and, further, that the ALJ did not adopt his opinions or make findings consistent with them. *Wilson*, 378 F.3d at 547. The remaining question is whether the goals of Section 404.1520c(b)(2) were met by the ALJ's decision. *Id*. In other words, the Court must determine whether the ALJ's explanation is sufficient to permit meaningful judicial review and to enable the Plaintiff to understand why the ALJ concluded that Dr. Kurzhals' opinions were not persuasive.

The Court concludes that the ALJ's decision does not meet the goals of Section 404.1520c(b)(2). The ALJ did not evaluate the evidence and explanations that supported Dr. Kurzhals' opinions. The Court therefore cannot engage in meaningful judicial review. Also, Plaintiff cannot understand why the ALJ disregarded Dr. Kurzhals' opinions.

Accordingly, the Court concludes that the ALJ's error cannot be excused as harmless. The Commissioner's decision must therefore be reversed and remanded.

## VI. REMAND

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming

13

or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is neither overwhelming nor strong while contrary evidence is lacking. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to Sentence Four of Section 405(g) for the reasons stated above. On remand, the ALJ should evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's regulations and rulings and governing case law. The ALJ should evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her application should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. 12) is GRANTED;

2. The Court REVERSES the Commissioner's non-disability determination;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

5. This case is terminated on the Court's docket.

    */s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge