UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| CAROLYN W., | : | Case No. 3:20-cv-00423 |
| Plaintiff, | : | Magistrate Judge Caroline H. Gentry |
| | : | (upon full consent of the parties) |
| vs. | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

# DECISION AND ORDER

This matter comes before the Court upon Plaintiff's Motion for Attorney's Fees (Doc. No. 24), which seeks an award of fees in the amount of $10,143.00 pursuant to 42 U.S.C. § 406(b)(1). The Commissioner's attorneys do not oppose the requested fee, explaining that "it is consistent with Section 406(b)'s requirements, is in accord with the fee agreement, and is otherwise reasonable." (Doc. No. 25, PageID# 1018.) For the reasons set forth below, the Motion is **GRANTED**.

**I.      BACKGROUND**

Previously in this Social Security appeal, the Court reversed the ALJ's non-disability finding and remanded this case to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) for further proceedings. (Doc. No. 19.) On remand, Plaintiff was awarded benefits. (Doc. No. 24-3.)

Upon the Plaintiff's unopposed motion (Doc. No. 21), the Court previously awarded attorneys' fees to Plaintiff's counsel under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2142(d), in the amount of $5,425.27. (Doc. No. 23.) The Commissioner subsequently withheld 25 percent of Plaintiff's past due benefits, or $10,143.00, for application toward a contingent fee award. (Doc. No. 24-3, PageID# 909.) Plaintiff's counsel now seeks a contingency fee award under 42 U.S.C. § 406(b)(1) in the amount of $10,143.00. (Doc. No. 24.)

## II. APPLICABLE LAW

If a Social Security claimant obtains benefits after filing an appeal in this Court, then her counsel may ask the Court to award the amount of attorney's fees owed under a contingency fee agreement. 42 U.S.C. § 406(b)(1). The fee award may not exceed 25% of the past-due benefits, *id.*, and it must only compensate counsel for work performed in the federal court proceeding. *Horenstein v. Secretary of HHS*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc). The Commissioner routinely withholds 25% of a claimant's past-due benefits to pay for such a fee award. *See* 42 U.S.C. § 406(b)(1)(A) ("[T]he Commissioner … may … certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.").

However, even if a claimant agrees to pay her counsel a contingency fee award in the amount of 25% of past-due benefits, that amount is not automatically awarded. Instead, Plaintiff's counsel must show, and the Court must find, that the requested fee award is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (noting the Social Security Act "does not displace contingen[cy]-fee agreements"

2

but "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Therefore, a request for a contingency fee award in the amount of 25% of past-due benefits "is not to be viewed as *per se* reasonable," but instead shall be given "the weight ordinarily accorded a rebuttable presumption." *Rodriquez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989).

To assist the Court with assessing the reasonableness of a request for attorney's fees, counsel should submit a record of hours worked and a statement of his normal hourly billing rate for noncontingent-fee cases (if any). *Gisbrecht*, 535 U.S. at 808. The Court may also consider evidence of the standard hourly rate for similar work performed in the relevant market. *Hayes v. Secretary of HHS*, 923 F.2d 418, 422 (6th Cir. 1990). But even fee awards that reflect above-average hourly rates may be reasonable:

> It is not at all unusual for contingent fees to translate into large hourly rates …. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Royzer v. Secretary of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). Thus, the rule in the Sixth Circuit is that "[a] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422.

Notably, "a high effective hourly rate cannot **on its own** justify reducing a fee award—district courts must provide additional reasoning." *Tucker v. Comm'r of Soc. Sec.*, 136 F.4th 639, 644 (6th Cir. 2025) (emphasis in original). Therefore, in addition to

"consider[ing] the effective hourly rate in weighing reasonableness," *id.*, the Court will consider whether the requested fee should be reduced for other reasons. For example, there may be evidence that counsel acted improperly or would receive a windfall due to the discrepancy between relatively few hours worked and a sizeable award of past-due benefits. *Gisbrecht*, 535 U.S. at 808; *Rodriquez*, 865 F.2d at 746. The Court will consider the complexity and difficulty of the case, the results achieved, and whether any remand to the Commissioner was the result of a joint stipulation or a court order. *Tucker*, 136 F.4th at 644-45, 648. Finally, the Court will consider this guidance from the Sixth Circuit:

> Although we recognize that there are cases where the lawyer's unusual skill or diligence wins the case, typically the number of hours that are required to prosecute an appeal from the Secretary's determination will not vary greatly and will bear little if any relationship to the results achieved. Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate. The reviewing courts should not hesitate to make reductions in such situations, and at the other end of the spectrum should only allow maximum fees for extensive effort on the part of counsel who have overcome legal and factual obstacles to the enhancement of the benefits awarded to his client.

*Rodriquez*, 865 F.2d at 747.

After determining the amount of a reasonable contingency fee award under the Social Security Act, 42 U.S.C. § 406(b)(1), the Court will order counsel to refund to Plaintiff all fees previously awarded under the EAJA. *See Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989).

4

### III. ANALYSIS OF PLAINTIFF'S MOTION

As instructed by *Gisbrecht* and *Rodriquez*, the Court begins its analysis with the text of the contingency fee agreement. It provides, in relevant part:

> I understand that if my federal court attorney wins my case in federal court … my federal court attorney will petition for an award of attorney fees for work performed at the federal court(s) pursuant to the Equal Access to Justice Act ("EAJA")…. I hereby assign any court-awarded EAJA attorney fees to my federal court attorney. I agree that any such payment belongs to my federal court attorney….
>
> I understand that my federal court attorney also has the right to ask the court to award 25% of my past-due benefits ("406(b) fees") for representing me in federal court. The parties agree that if counsel becomes entitled to a fee up to 25% of the past due benefits for work before the court … that counsel will credit the amount of the EAJA fee in addition to the 406(b) fee and will return any excess EAJA amounts not authorized, to the claimant.

(Doc. No. 24-2, PageID# 906.) "Contingent-fee contracts … [at] the 25 percent ceiling … are the most common fee arrangement between attorneys and Social Security claimants." *Gisbrecht*, 535 U.S. at 800. Although this Court "is not bound to award recovery according to the stated [25% fee] agreement," the Court "should give close attention" to the agreement and treat it as a rebuttable presumption. *Rodriquez*, 865 F.2d at 746.

Plaintiff's counsel provided documentation of the hours spent working on the federal case by Plaintiff's attorneys and paralegals. (Doc. No. 24-5, PageID# 1006-1013). Attorney Richard Brian states that Plaintiff's attorneys worked 23.9 hours, and paralegals worked 5.8 hours, for a total of 29.7 hours worked on Plaintiff's case. (Doc. No. 24-1, PageID# 902.) Counsel applied a paralegal hourly rate of $80.00 and a hypothetical attorney hourly rate of $404.97 to arrive at the total amount sought of $10,143.00. (*Id.*)

5

Counsel also submitted information from the Ohio State Bar Association regarding average 2023 hourly billing rates for attorneys. (Doc. No. 24-4, PageID# 911-1004.) Counsel asserts that "the mean hourly rate for attorneys in Elder law/Public benefits/ERISA cases was $316 in 2023." (Doc. 24-1, PageID# 902.) Counsel further argues that this Court "has approved hourly attorney rates over $700." (*Id*. at PageID# 903.)

After reviewing the materials submitted by counsel, the Court concludes that the hypothetical hourly rate of $404.97 is reasonable for the work performed in this case, and that the requested fee award of $10,143.00 is also reasonable.

First, as noted above, there is a rebuttable presumption that a 25% contingency fee agreement is reasonable. Plaintiff's counsel is seeking that percentage and the Court is unaware of any evidence that rebuts the presumption.

Second, the hypothetical attorney hourly rate is more than reasonable in light of the skill and experience of Plaintiff's counsel.

Third, the hypothetical hourly rate of $404.97 is less than twice the amount of the $316 rate supported by the Ohio State Bar Association's survey of 2023 hourly billing rates for similar types of cases. In the Sixth Circuit, "[a] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422. In such circumstances, the Court may consider "arguments designed to rebut the presumed reasonableness of the attorney's fee." *Id*. However, the Commissioner did not

6

offer any such arguments or object to the requested fee award. In the absence of any rebuttal, the Court may presume that Plaintiff's hypothetical hourly rate is reasonable. *Id.*

Fourth, counsel's hypothetical hourly rate of $404.97 is below the range of fees that judges in this district have found reasonable. *See Twyla D. v. Comm'r of Soc. Sec.*, No. 3:19-cv-368, 2025 U.S. Dist. LEXIS 40825, at *4 (S.D. Ohio Mar. 6, 2025) (Silvain, MJ) (awarding hypothetical attorney hourly rate of $728.60 to attorney Michael Rake); *Jay V.N.I. v. Comm'r of Soc. Sec.*, No. 3:20-cv-365, 2024 U.S. Dist. LEXIS 98031, at *4 (S.D. Ohio June 3, 2024) (Silvain, MJ) (awarding hypothetical attorney hourly rate of $814.74 to attorney Richard Brian); *Martha G. v. Comm'r of Soc. Sec.*, No. 1:19-cv-936, 2023 U.S. Dist. LEXIS 63838, at *6-7 (S.D. Ohio Apr. 11, 2023) (Bowman, MJ) (awarding hypothetical attorney hourly rate of $869.56 to attorney Edward Ahlers), *report and recommendation adopted by* 2023 U.S. Dist. LEXIS 77738 (S.D. Ohio, May 3, 2023) (Barrett, DJ).

Fifth, after reviewing the submitted billing record, the Court finds no indication that the time expended by Plaintiff's counsel was excessive or improperly charged. *See, e.g., Spiller v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 647, 652 (S.D. Ohio 2013) (Newman, MJ), *report and recommendation adopted*, 940 F. Supp. 2d 647 (S.D. Ohio 2013) (Rice, DJ) ("Without establishing a firm, bright line rule, the Court surveyed a large number of EAJA fees/costs petitions recently filed in this District, and found the general range of time expended on these cases is 15-25 hours.")

Sixth, the Court has reviewed the proceedings in this case to assess their complexity and difficulty, the results achieved, and whether the case was remanded to the

7

Commissioner because of a joint stipulation or a court order. *Tucker*, 136 F.4th at 644-45, 648. The docket shows that Plaintiff's counsel filed a thorough Statement of Specific Errors that raised two issues (Doc. No. 12) and led to the Court's decision to reverse and remand the Commissioner's unfavorable decision. Plaintiff's counsel achieved excellent results in an economical fashion and there is no basis to reduce the attorney's fees requested in this case.

Seventh, given the substantial risk undertaken by Plaintiff's counsel in accepting Social Security cases on a contingent fee basis, the undersigned finds that an award of $10,143.00 in this case is reasonable.

Finally, counsel represents that the EAJA fee amount that was previously awarded will be refunded to Plaintiff to prevent a double recovery of fees. (Doc. No. 24-1, PageID# 903.)

## IV. CONCLUSION

Upon review of Plaintiff's Motion and the supporting evidence, as well as the relevant legal authority, the Court finds that the requested fee award is reasonable. Accordingly, the Court **ORDERS** as follows:

1. The Motion for Attorney's Fees (Doc. No. 24) is **GRANTED**.

2. Plaintiff's counsel is **AWARDED** attorney's fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $10,143.00. The Commissioner shall **REMIT** this sum to Plaintiff's counsel from Plaintiff's past-due benefits that were withheld.

3. Plaintiff's counsel shall **REMIT** to Plaintiff, within fourteen (14) days of his receipt of this attorney's fee award, the prior EAJA award of $5,425.27.

8

4. The Commissioner shall **RELEASE** to Plaintiff the remaining funds, if any, that were withheld from her award of past-due benefits to pay her attorney's fees.

5. This case remains terminated on the docket of this Court.

**IT IS SO ORDERED.**

Date:  January 13, 2026   /s/ *Caroline H. Gentry*
  Caroline H. Gentry
  UNITED STATES MAGISTRATE JUDGE